McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-247-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JOSEPH PRESTON VANMEAR, | DATE: January 16, 2020 |
| Defendant. | TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 16, 2020.

2. By this stipulation, defendant moves to continue the status conference until March 19, 2020, and to exclude time between January 16, 2020, and March 19, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes approximately 100 pages of investigative reports as well as several discs of surveillance evidence. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to review the discovery, conduct

investigation, develop the case, consult with her client, and to explain potential outcomes and discuss potential resolution.  Additional time is also required to obtain the defendant's prior court files in order to assess his criminal history category and his estimated guidelines calculations.  The out-of-county court records have to be ordered in small groups which is causing delay in the ability to review all relevant files.  There have been various delays in the evidence inspection because of out-of-town coordination for many schedules.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 16, 2020 to March 19, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

[*Continued on following page.*]

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 14, 2020 
McGREGOR W. SCOTT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated: January 14, 2020 
/s/ TASHA CHALFANT
TASHA CHALFANT
Counsel for Defendant
JOSEPH PRESTON VANMEAR

**FINDINGS AND ORDER**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefore, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

The Court orders the time from the date the parties stipulated, up to and including March 19, 2020, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) (Local Code T4). It is further ordered that the January 16, 2020 status conference shall be continued until March 19, 2020, at 9:30 a.m.

IT IS SO FOUND AND ORDERED this 14th day of January, 2020.

Troy L. Nunley
United States District Judge