TASHA PARIS CHALFANT (SBN 207055)
THE LAW OFFICE OF TASHA PARIS CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Tel. (916) 444-6100
Fax (916) 930-6093
E-mail: tashachalfant@gmail.com

Attorney for Defendant
JOSEPH PRESTON VANMEAR

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH PRESTON VANMEAR,<br><br>  Defendant. | No. 2:18-CR-0247 TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record Assistant United States Attorney JAMES CONOLLY, and the Defendant, JOSEPH VANMEAR, by and through his counsel of record TASHA CHALFANT, hereby stipulate and request that the Court make the following findings and Order as follows:

  1. By previous order, this matter was set for status conference on September 24, 2020.

  2. By this stipulation, the defendant now moves to continue the status conference until November 19, 2020, at 9:30 a.m., and to exclude time between September 24, 2020, and November 19, 2020, under Local Code T4.  Plaintiff does not oppose this request.

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS HEARING

AND FOR EXCLUSION OF TIME

1

3. The parties agree and stipulate, and request that the Court find the following:

a. The government has represented that the discovery associated with this case includes approximately 100 plus pages of investigative reports in electronic form, and some audio and video files. All of this discovery has been either produced directly to counsel, and/or made available for inspection and copying. Defense counsel submitted a rather lengthy discovery request and there is voluminous discovery which was just received pertaining to forensic phone analysis.

b. Counsel for the defendant desires additional time to review the discovery, develop the case, conduct investigation, consult with her client, discuss potential resolution, and to explain the consequences and guidelines. There have been various delays in the evidence inspection because of out-of-town coordination for many schedules.

c. In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework, minimize personal contact to the greatest extent possible and not conduct visits at the county jails. It will be difficult to avoid personal contact should the hearing proceed.

d. Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. The government does not object to the continuance.

f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS HEARING

AND FOR EXCLUSION OF TIME

date prescribed by the Speedy Trial Act.

g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 24, 2020, to November 19, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

All counsel has reviewed this proposed order and authorized Tasha Chalfant to sign it on their behalf.

IT IS SO STIPULATED.

Dated:  September 21, 2020         by:     /s/Tasha Chalfant for
                                           JAMES CONOLLY
                                           Assistant U.S. Attorney
                                           Attorney for Plaintiff

Dated:  September 21, 2020         by:     /s/Tasha Chalfant
                                           TASHA CHALFANT
                                           Attorney for Defendant
                                           JOSEPH PRESTON VANMEAR

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, September 24, 2020, to and including November 19, 2020, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C §3161(h)(7)(A) and (B) (iv), and Local Code T4 (reasonable time for defense counsel to prepare). It is further ordered that the presently set September 24, 2020, status conference shall be continued to November 19, 2020, at 9:30 a.m. IT IS SO FOUND AND ORDERED this 21st day of September, 2020.

_____
Troy L. Nunley
United States District Judge