MCGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-247-TLN |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JOSEPH PRESTON VANMEAR, | |
| Defendant. | DATE: November 19, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

This case was set for a status conference on November 19, 2020.  By this stipulation, the parties request that the Court continue the status conference to January 28, 2021, and to exclude time under Local Code T4, as well under the Court's General Orders, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

1.   By this stipulation, the United States and defendant Joseph Preston Vanmear, through his undersigned counsel, move to continue the status conference until January 28, 2021, at 9:30 a.m., and to exclude time between November 19, 2020, and January 28, 2021, under Local Code T4, as well as under the Court's General Orders.

2.   The parties agree and stipulate, and request that the Court find the following:

    a)   The government has represented that the discovery associated with this case includes approximately 100 plus pages of investigative reports in electronic form, and some audio and video files, as well as a forensic copy of the data contained on Mr. Vanmear's mobile telephone, seized at the time of his arrest. All of this discovery has been either produced directly to counsel, and/or made available for inspection and copying.

    b)   Counsel for the defendant desires additional time to review the discovery, develop the case, conduct investigation, consult with her client, discuss potential resolution, and to explain the consequences and guidelines. There have been various delays in the evidence inspection because of out-of-town coordination for many schedules.

    c)   Defense counsel represents and believes that failure to grant additional time as requested would deny Mr. Vanmear the reasonable time necessary for effective preparation, considering the exercise of due diligence.

    d)   The government does not object to this continuance.

    e)   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence

    f)   In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because some of investigation defense counsel seeks has required travel around the state, which has been hampered by concerns for health and safety. Defense counsel and defense investigators have been encouraged to telework and minimize personal contact to the greatest extent possible, and to that end would be best served by delaying any investigation that could

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

require inter-personal contact.

       g)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

       h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 19, 2020 to January 28, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and pursuant to the Court's General Orders, in light of the public safety concerns created by the COVID-19 pandemic.

3.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 17, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  November 17, 2020

/s/ TASHA CHALFANT
TASHA CHALFANT
Counsel for Defendant
JOSEPH PRESTON VANMEAR

### FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 17th day of November, 2020.

Troy L. Nunley
United States District Judge