TASHA PARIS CHALFANT (SBN 207055)
THE LAW OFFICE OF TASHA PARIS CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Tel. (916) 444-6100
Fax (916) 930-6093
E-mail:  tashachalfant@gmail.com

Attorney for Defendant
JOSEPH PRESTON VANMEAR

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 2:18-CR-0247 DAD |
| | ) |
| Plaintiff, | ) STIPULATION REGARDING |
| | ) EXCLUDABLE TIME PERIODS UNDER |
| v. | ) SPEEDY TRIAL ACT; FINDINGS AND |
| | ) ORDER |
| JOSEPH PRESTON VANMEAR, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record Assistant United States Attorney JAMES CONOLLY, and the Defendant, JOSEPH VANMEAR, by and through his counsel of record TASHA CHALFANT, hereby stipulate and request that the Court make the following findings and Order as follows:

1. By previous order, this matter was set for sentencing on January 30, 2024.

2. By this stipulation, the defendant now moves to continue the sentencing until February 6, 2024, and to exclude time between January 30, 2024, and February 6, 2024, under Local Code T4.  Plaintiff does not oppose this request.

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS HEARING

AND FOR EXCLUSION OF TIME

1

3. The parties agree and stipulate, and request that the Court find the following:

a. The government has represented that the discovery associated with this case includes approximately 100 plus pages of investigative reports in electronic form, and some audio and video files. All of this discovery has been either produced directly to counsel, and/or made available for inspection and copying. The defendant entered a guilty plea on September 13, 2023 and the matter was set for sentencing on January 30, 2024. The final PSR was filed on January 18, 2024. (Dkt. 66.) We were trying to keep this in accordance with the original sentencing date but defense counsel is working out of town this entire week and not able to see her client and file the sentencing memo in time.

b. Counsel for the defendant desires additional time to meet with her client and prepare for sentencing.

c. Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 30, 2024, to February 6, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

All counsel has reviewed this proposed order and authorized Tasha Chalfant to sign it on their behalf.

IT IS SO STIPULATED.

Dated:  January 22, 2024    by:  */s/Tasha Chalfant for*  
                    JAMES CONOLLY  
                    Assistant U.S. Attorney  
                    Attorney for Plaintiff

Dated:  January 22, 2024    by:  */s/Tasha Chalfant*  
                    TASHA CHALFANT  
                    Attorney for Defendant  
                    JOSEPH PRESTON VANMEAR

# O R D E R

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, January 30, 2024, to and including February 6, 2024, sentencing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C §3161(h)(7)(A) and (B) (iv), and Local Code T4 (reasonable time for defense counsel to prepare).[1]  It is further ordered that the presently set January 30, 2024, sentencing shall be continued to February 6, 2024, at 9:00 a.m.

IT IS SO ORDERED.

Dated:  **January 23, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] *But see Betterman v. Montana*, 578 U.S. 437, 439 (2016) (Holding that the Sixth Amendment's speedy trial guarantee "does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges.")

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS HEARING

AND FOR EXCLUSION OF TIME